IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ISMAEL HERNANDEZ PADILLA, #356764, PLAINTIFF, | § § § § | |
| V. | § § | CIVIL CASE NO. 3:23-CV-2473-S-BK |
| 203RD DISTRICT COURTS, ET AL., DEFENDANTS. | § § § | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this case was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition where appropriate. Plaintiff Ismael Hernandez Padilla, a state inmate, filed this *pro se* civil rights complaint against the 203rd District Court of Dallas County, the mayor of Dallas County, Attorney General Ken Paxton, and the Texas governor. Doc. 1-1; Doc. 3. Padilla also moved for leave to proceed *in forma pauperis*. Doc. 1. Upon review of the relevant pleadings and applicable law, this case should be **DISMISSED** as barred by three strikes and the Fifth Circuit sanction orders.

### I. ANALYSIS

The "three-strike" provision of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g), precludes a prisoner from bringing a civil action *in forma pauperis* if on three or more prior occasions, while confined as a prisoner, he filed civil actions or appeals in federal court that were dismissed as frivolous or malicious, or for failing to state a claim. *Jackson v. Johnson*, 475 F.3d 261, 265 (5th Cir. 2007); *see also Brown v. Megg*, 857 F.3d 287, 290-91 (5th Cir. 2017)

("[S]ection 1915(g) comports with the PLRA's effort 'to filter out the bad claims filed by prisoners and facilitate consideration of the good.'" (quoted case omitted)).

The United States Court of Appeals for the Fifth Circuit previously found Padilla was barred from pursuing a federal civil action by three strikes. *See Padilla v. Pride-Richardson,* 533 F. App'x 442, 442-43 (5th Cir. 2013) (per curiam) ("reiterat[ing] that Padilla is barred from proceeding IFP in any civil action or appeal filed in a court of the United States while he is incarcerated or detained in any facility unless he 'is under imminent danger of serious physical injury'"). Based on prior sanction orders from the Fifth Circuit and this Court, Padilla is also barred from filing any pleadings that challenge his 1983 state convictions for robbery and rape. *See In re Padilla*, No. 22-90063 (5th Cir. Feb. 23, 2023) (reiterating that Padilla "has incurred at least $900 in unpaid monetary sanctions, and his arguments that the sanctions are unconstitutional are without merit" and reminding Padilla that he is "BARRED from filing in this court, or any court subject to this court's jurisdiction, any pleadings that challenge his robbery and rape convictions until the sanctions are paid in full unless he first obtains leave of the court in which he seeks to file his pleadings"); *In re Padilla*, No. 22-90026 (5th Cir. Sep. 7, 2022) (denying motion to proceed as a sanctioned litigant and rejecting Padilla's claims to have paid $700 in outstanding monetary sanctions).[1]

In an apparent attempt to circumvent the three-strike bar and monetary sanctions, Padilla filed this action in the District of Nevada, which then transferred it to this Court. Doc. 3. In the instant action, Padilla again challenges his underlying state convictions and seeks release from

---

[1] *See also In re Padilla*, No. 18-90018 (5th Cir. Sep. 5, 2018) (collecting prior sanction orders that have resulted in the imposition of outstanding sanctions totaling $700); *In re Padilla*, No. 22-90027 (5th Cir. Sep. 1, 2022) (imposing additional $200 sanction).

confinement.  Doc. 1-1 at 4.  He also requests monetary compensation for his unlawful imprisonment.  *Id.*  Padilla complains that Defendants discriminated against him based on his race and denied him of his constitutional rights during his state criminal proceedings.  Doc. 1-1 at 3-4.  He asserts that (1) he was denied counsel for appeals, (2) his sentences are unconstitutional, and (3) he is wrongfully imprisoned.  Doc. 1-1 at 4-5; Doc. 1-1 at 8-11.

Having accumulated three "strikes," § 1915(g) precludes Padilla from proceeding *in forma pauperis* unless he alleges that he is in "imminent danger of serious physical injury" at the time of filing the complaint.  *See Banos v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998) (per curiam).  Padilla cannot meet that requisite.  In essence, Padilla once more challenges the three-strike bar and this Court's failure to hold an evidentiary hearing in his federal habeas corpus actions.  But even when liberally construed, his complaint lacks allegations of imminent danger of serious physical injury.  And his assertion that § 1915(g) is unconstitutional and that the Fifth Circuit has illegally imposed the § 1915(g) bar have no merit.  Doc. 1-1 at 6.  Padilla is thus barred from proceeding *in forma pauperis* under § 1915(g).

Further, Padilla's renewed attempts to challenge his underlying convictions and seek release from confinement are barred because his repeated, unsuccessful efforts to attack his convictions have resulted in the imposition of sanctions now totaling $900, and "he is BARRED from filing in this court or any court subject to this court's jurisdiction any pleadings that challenge his robbery and rape convictions until the sanctions are paid in full unless he first obtains leave of the court in which he seeks to file his pleadings." *In re Padilla* , No. 22-90063 (5th Cir. Feb. 23, 2023).

## II. CONCLUSION

For all these reasons, Padilla's motion for leave to proceed *in forma pauperis* should be **DENIED** and this action should be **DISMISSED** as barred by the three-strike provision of 28 U.S.C. § 1915(g). Such dismissal is with prejudice to refiling an *in forma pauperis* lawsuit raising the same claims as presented, but without prejudice to him refiling this lawsuit with full payment of filing and administrative fees of $402.00.

Further, Padilla's action should be **DISMISSED** as "he is BARRED from filing in this court or any court subject to this court's jurisdiction any pleadings that challenge his robbery and rape convictions until the sanctions are paid in full unless he first obtains leave of the court in which he seeks to file his pleadings. Padilla is again WARNED that future frivolous or repetitive filings will subject him to additional and progressively more severe sanctions. Padilla should review any pending matters and move to dismiss any that are frivolous." *In re Padilla*, No. 22-90063 (5th Cir. Feb. 23, 2023).

The Clerk of the Court should also be directed to *sua sponte* docket and administratively close any future action brought by Padilla (whether, filed, removed, or transferred to this Court) that fails to comply with the Fifth Circuit's sanction orders.

**SO RECOMMENDED** on November 17, 2023.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).